UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RATANIA ODUMS,**

    **Plaintiff,**

v.                                             Case Number:  8:17-cv-01677-RAL-TBM

**UNITED RECOVERY SOLUTIONS, INC.,**

    **Defendant.**

---

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, RATANIA ODUMS (hereinafter "Plaintiff"), by and through her undersigned counsel, respectively moves this Court to enter a default judgment against Defendant, UNITED RECOVERY SOLUTIONS. (hereinafter "Defendant"), pursuant to Federal Rule of Civil procedure 55(b) and Local Rule 1.07(b).

Plaintiff commenced this action on July 13, 2017 [Doc. 1], asserting Defendant placed atleast ninety (90) automated calls to Plaintiff's cellular telephone attempting to collect a debt. Plaintiff initially received calls from the Defendant on or about April 3, 2017. In or about April 2017, Plaintiff answered a call from Defendant, instructed Defendant that she had returned the rented property in January 2017 as soon as the school re-opened and to stop calling. (*Odums Affidavit*, ¶7).   Again in April 2017, Plaintiff spoke to an agent/representative of Defendant, informing them that as she had previously stated, she had returned the musical instrument and did not have the money to pay the alleged debt incurred during the time the school was closed for the holiday, and reiterated her desire for the Defendant to stop calling her aforementioned cellular telephone number. (*Odums Affidavit*, ¶10).   From April 2017 through May 23, 2017, Plaintiff noted atleast thirty-four (34) calls to her cellular telephone despite her repeatef request for the calls to stop. (*Odums*

*Affidavit*, ¶10 and Exhibit). Defendant's calls continued through June 2017. (*Odums Affidavit*, ¶10) Despite telling Defendant on multiple occasions to stop calling, Defendant continued its onslaught of calls to Plaintiff by placing approximately 90 calls to Plaintiff's cellular telephone, 34 of which are evidenced in Plaintiff's screenshots. (*Odums Affidavit*, ¶¶10, 12, 15) Defendant chose to willfully and intentionally continue its torrent of harassing automated calls despite actual knowledge of wrong doing, that Defendant had no express permission from Plaintiff to call him in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*. ("FDCPA").

The Plaintiff served the Complaint and Summons [Doc. 4] on Defendant on its registered agent per its Florida Department of State Filings on July 13, 2017. Defendant has failed to timely appear and to date has not entered any appearance in this case or otherwise responded to the Complaint. The clerk entered a Clerk's Default [Doc. 9] on August 24, 2017.

## ARGUMENT

### I. STANDARD OF REVIEW

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the Complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire & Sec., LLC v. Alcocer,* 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC,* 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) *(*citing *Buchanan*). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant.

*See Shandong Airlines*, 650 F. Supp. 2d at 1206; *United States v. Henley*, Civ. No. 8:10-2208-T-24-TGW, 2011 WL 1103894, at *2 (M.D. Fla. Mar. 25, 2011) (citing *Tyco Fire*).

Pursuant to Fed. R. Civ. P. 54(c), the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." *See Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, No. 10-12238, 2011 WL 311680, at *2 (11th Cir. 2011); *Magee v. Maesbury Homes, Inc.*, Civ. No. 6:11-209-Orl-19DAB, 2011 WL 1457173, at *2 (M.D. Fla. Apr. 15, 2011); *Enpat, Inc. v. Budnic,* Civ. No. 6:11-86-PCF-KRS, 2011 WL 1196420, at *1 (M.D. Fla. Mar. 29, 2011)

**II.     STATUTORY PROVISIONS**

    **A.     TCPA**

The TCPA prohibits making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service…or any service for which the called party is charged for the call" 47 U.S.C. § 227(b)(1)(A)(iii). Enforcement of this rule is assured through a private right of action created by the TCPA, which provides that a person may bring "an action to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation, whichever is greater[.]" 47 U.S.C. 227(b)(3)(B). In addition, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

    **B.     FDCPA**

Pursuant to the statutory FDCPA violations alleged in the Complaint [Doc. 1], the FDCPA makes it unlawful for a debt collector, while attempting to collect a debt, to:

(a) engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt (15 U.S.C. § 1692(d));

(b) cause a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (15 U.S.C. § 1692(d)(5));

(c) cause the placement of telephone calls without meaningful disclosure of the caller's identity. (15 U.S.C. § 1692(d)(6));

(d) falsely represent the character, amount, or legal status of any debt (15 U.S.C. §1692(e)(2)(A); and

(e) use unfair or unconscionable means to collect or attempt to collect any debt (15 U.S.C. § 1692(f)); and

(f) failing to send the Plaintiff the required written validation notice within five (5) days of the initial communication (15 U.S.C. § 1692(g)(a)).

The amount of statutory damages available for violations of the FDCPA is up to $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). Reasonable attorneys' fees and costs are available to a successful Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA.

**C.     FCCPA**

Pursuant to the statutory FCCPA violations alleged in the Complaint [Doc. 1], the FCCPA makes it unlawful for a debt collector, while attempting to collect a debt, to:

(a) willfully communicating with the debtor or any member or her or his family with such frequency as can reasonably be expected to harass (Florida Statute § 559.72(7));

(b) willfully engaging in other conduct which can reasonably be expected to abuse or harass (Florida Statute § 559.72(7));

(c) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate (Florida Statute § 559.72(9)); and

Enforcement of this rule is assured through a private right of action created by the FCCPA, which provides that a person may bring "a civil action against a person violating the provisions of s. 559.72" Florida Statute § 559.77(1). Additionally, "upon adverse adjudication, the defendant shall be liable for actual damages and for additional statutory damages of up to $1,000.00, together with court costs and reasonable attorney's fees incurred by the plaintiff" Florida Statute §559.77(2).

### III. THE FACTS ALLEGED IN THE COMPLAINT ESTABLISH DEFENDANT'S LIABILITY.

At all relevant times, Plaintiff was a natural person, and citizen of the State of Florida, residing in Winter Haven, Florida ([Doc. 1] ¶¶11-13). From April through June 2017, Plaintiff received approximately ninety (90) automated calls to her cellular telephone in an attempt to collect a debt. In April 2017, Plaintiff spoke to an agent/representative of Defendant, informing them that she had returned the rental property, did not have the money to pay any alleged debt, and to stop calling her cellular telephone. (*Odums Affidavit*, ¶7). Despite telling Defendant on multiple occasions to stop calling, Defendant continued its onslaught of calls to Plaintiff by placing an additional eighty-nine (89) calls from the parties' first conversation in April 2017 through June 2017. (*Odums Affidavit*, ¶17-12).

Despite actual knowledge that the Plaintiff did not consent to the automated calls, the Defendant continued to willfully and knowingly violate the TCPA, FDCPA and FCCPA. [Doc. 1]. Defendant's corporate policy and procedures apparently provide no means for an individual to have their number removed from Defendant's call list ([Doc. 1] ¶48-49). Willful violations of the TCPA, such as the ones endured by the Plaintiff, entitle Plaintiff to treble damages. 47 U.S.C. § 227(b)(3)(C).

IV. **THE FACTS ALLEGED IN THE COMPLAINT AND PLAINTIFF'S AFFIDAVIT ESTABLISH THAT THE PLAINTIFF IS ENTITLED TO THE RELIEF REQUESTED**

Based on the Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") Plaintiff is entitled to $500.00 for the one (1) call prior to informing Defendant that he was the wrong party and to cease calling, totaling $500.00, as well as $1,500.00 for the subsequent eighty nine (89) calls made after being instructed not to call, totaling $134,000.00. Plaintiff further requests the maximum statutory damages possible for Defendant's violations of the Florida Consumer Protection Act, § 559.72 *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* of $1,000.00 for each act, totaling $2,000.00 for both. The grand total of Plaintiff's damages amounting to $136,000.00.

V. **THE APPROPRIATE MONETARY REMEDY FOR DEFENDANT'S VIOLATIONS OF THE TCPA, FCCPA AND FDCPA IS A CIVIL PENALTY OF $151,000.00.**

A. **TCPA**

The TCPA specifically allows a private right of action to "recover for actual monetary loss from such a violation, or to receive $500.00 in damages for each such violation, whichever is greater" 47 U.S.C. § 227(B)(3)(B). Moreover, the act goes farther to provide that "if the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3). Plaintiff is "entitled to treble damages for calls defendants made after she informed them that they were calling the wrong number." *Harris v. World Financial Network National Bank*, 867 F. Supp. 2d 888 (E.D. Michigan April 3, 2012). In the case of *Tacoronte v. Tate & Kirlin Associates*, 2013 WL 5970720 (M.D. Fla., November 8, 2013) a default was entered against Tate & Kirlin and Tacoronte proceeded to seek judgment in the amount of

$11,000.00 against Tate & Kirlin which constituted $500.00 for the first wrongful phone call received and $1,500.00 for seven subsequent phone calls after Tate & Kirlin had been notified of the wrong call. The Court found that "Tate & Kirlin has violated the TCPA on eight separate phone calls and the Court find damages of $11,000 to be appropriate." *See Tacoronte*. In *Dr. Kathy Clements v. DSM Supply LLC,* 8:13-CV-1096-t-33eaj (M.D. Florida, February 3, 2014), a default judgment was entered in the amount of $54,500.00 against DSM Supply LLC finding that thirteen (13) unwanted faxes received were worth $500.00 each and the subsequent thirty-two (32) unwanted faxes received after Plaintiff had clearly instructed DSM Supply LLC to stop were worth $1,500.00 each. In the case currently before this Court, the Plaintiff received one hundred (100) un-solicited automated calls to her cell phone without her express consent in violation of the TCPA. As the TCPA is a strict liability statute, the Plaintiff is entitled to recover $500.00 for the first (1) unwanted call Plaintiff received in violation of the TCPA totaling $500.00. Plaintiff is entitled to recover $1,500.00 for each of the subsequent eighty-nine (89) calls placed after Plaintiff had instructed Defendant to cease, totaling $134, 000.00.

As the Plaintiff never provided his cellular telephone number or prior express consent to Defendant, yet received automated calls against her will and informed Defendant on multiple occasions that he wished for the unwanted automated calls to cease, the Plaintiff is entitled to treble damages for said calls knowingly in violation of the laws. "…[T]he intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. American Home Services, Inc.,* 638 F.3d at 776 (11th Cir. 2011).

    B.    FDCPA

The FDCPA seeks to remedy abusive, deceptive and unfair debt collection practices by debt collectors against consumers. See 15 U.S.C. § 1692(e); *Owen v. I.C. Systems, Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). In order to prevail on an FDCPA claim, a plaintiff must establish that

she was the object of collection activity arising from a consumer debt; the defendant qualifies as a debt collector under the FDCPA; and that defendant engaged in acts or omissions prohibited by the FDCPA. See *Cora v. Commercial Recovery Systems, Inc.,* 2013 WL 3974653 (S.D. Fla. July 31, 2013); *Jacobs v. Alexander William & Associates*, 2013 WL 1687699 (M.D. Fla. April 18, 2013) (citing *Wise v. Coach*, 200 WL 1257665, AT *2 (S.D. Fla. Mar. 26, 2010)). Through the Default [Doc. 8] entered in this case against Defendant has admitted that through its debt collection conduct, it used unfair or unconscionable means to collect or attempt to collect an debt from Plaintiff; that it engaged in conduct the natural consequences of which was designed to harass, oppress, or abuse the Plaintiff; that it caused the Plaintiff's phone to continually ring with the intent to annoy, abuse or harass the Plaintiff; and by misrepresenting facts of the debt [Doc. 1, ¶ 1-53, 63-67].

Accordingly, Plaintiff would respectfully request that this Court enter default judgment against Defendant with respect to Plaintiff's FDCPA claim, and award Plaintiff statutory damages in the amount of $1,000, in addition to court costs and reasonable attorneys' fees incurred by the Plaintiff in this action.

    **C.**    **FCCPA**

The FCCPA prohibits, in regards to the collection of consumer debts, any person from committing the actions listed therein, including but not limited to: willfully communicating with the debtor or any member or her or his family with such frequency as can reasonably be expected to harass (Florida Statute § 559.72(7)); willfully engage in other conduct which can reasonably be expected to abuse or harass (Florida Statute § 559.72(7)); and by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate (Florida Statute § 559.72(9)).

Through the Default [Doc. 8] entered in this case, Defendant has admitted that through its debt collection conduct, that it frequently contacted Plaintiff an unreasonable amount of times in order to harass and abuse Plaintiff; that is attempted to enforce a debt on Plaintiff when Defendant knew Plaintiff was not the actual debtor [Doc. 1, ¶ 1-55, 62-66].

Pursuant to section 559.77(2), Florida Statutes, "any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." As stated above, "where the essential evidence regarding damages is before the Court, [an evidentiary] hearing [as to damages] may be unnecessary." *Fleming*, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9 (citing *Smyth*, 420 F.3d at 1232 n. 13). Instances in which a hearing may not be necessary include those in which "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (quoting *Freeman*, supra, 605 F. 2d at 857) Statutory damages under the FCCPA are considered "liquidated damages." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200 (Fla. 1976) (the "statute is sustainable as providing for liquidated damages in an area of the law in which ascertainment of the dollar amount of *actual damages sustained* in most instances will be extremely difficult, if not impossible to achieve").

Accordingly, Plaintiff would respectfully request that this Court enter default judgment against Defendant with respect to Plaintiff's FCCPA claim, and award Plaintiff statutory damages in the amount of $1,000, in addition to court costs and reasonable attorneys' fees incurred by the Plaintiff in this action.

## CONCLUSION

For the foregoing reasons, the Plaintiff, Ratania Odums, moves the Court to enter final judgment against Defendant, UNITED RECOVERY SOLUTIONS, INC.: assessing a civil penalty of $136,000.00 for violations of the TCPA, FDCPA and FCCPA.

Dated this 10th day of October, 2017.

                                                            s/Amanda J. Allen
                                                            **Amanda Jamison Allen, Esquire**
                                                            Florida Bar #: 98228
                                                            THE CONSUMER PROTECTION FIRM
                                                            210-A South MacDill Ave
                                                            Tampa, FL 33609
                                                            Tele: (813) 500-1500
                                                            Fax: (813) 435-2369
                                                            Amanda@TheConsumerProtectionFirm.com
                                                            *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I further certify that on this 10th day of October 2017 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which provided copies to all CM/ECF participants.

Additionally I further certify that I mailed the foregoing document and applicable exhibits and the notice of electronic filing via U.S. Mail to the following non-CM/ECF participants:

    <u>DEFENDANT UNITED RECOVERY SOLUTIONS, INC., c/o</u>:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

HUTCHINS, JAMES
11603 SHELBYVILLE RD STE 2
LOUISVILLE, KY 40243

REYNOLDS, MATT

11603 SHELBYVILLE RD STE 2
LOUISVILLE, KY 40243

                                           *s/Amanda Allen*
                                             Amanda Jamison Allen, Esquire
                                             Florida Bar# 98228